**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HASSAN HASSANI,<br><br>  Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY *et al.*,<br><br>  Defendants. | Civil Action No. 21-75 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court on eight Motions to Dismiss pro se Plaintiff Hassan Hassani's ("Hassani") Complaint. In chronological order, the following Defendants filed separate motions: Deanne Dueltgen (ECF No. 25), Elizabeth Yoder (ECF No. 26), Patricia Yoder (ECF No. 27), William Yoder (ECF No. 28), Middlesex County (ECF No. 37), Matthew Ganzer and Rutgers University (ECF No. 38), the State of New Jersey (ECF No. 47), and the City of New Brunswick (ECF No. 53). Also before the Court is Hassani's Motion for Leave to Amend his Complaint. (ECF No. 40.) Hassani did not oppose any of Defendants' motions. Each Defendant separately opposed Hassani's motion for leave (ECF Nos. 41, 43-50, 54), and Hassani did not reply. The Court has carefully considered the parties' submissions and decides the motions without oral argument under Local Civil Rule 78.1. For the reasons below, the Court dismisses Hassani's Complaint.

I.      **BACKGROUND**[1]

Proceeding pro se, Hassani sued Defendants in a difficult-to-parse Complaint. The Complaint appears to concern a series of constitutional violations that began in a Rutgers dormitory and ended with Hassani's guilty plea and incarceration. Although precisely what occurred to Hassani is unclear, two things are clear about the alleged conduct: it occurred in 2008 and resulted in—what Hassani asserts was—an unfair legal proceeding.

A student at Rutgers University in New Brunswick, Hassani alleges that on March 31, 2008, Ganzer (a Rutgers University police officer) illegally entered his dorm room and arrested him for making terroristic threats. (Compl. *6.)[2] As to the reason for his arrest, Hassani asserts that two other students at Rutgers University, Yoder and Dueltgen, filed a false police report with the Rutgers University Police Department. (*Id.* at *6-7; *see also id.* at *6 ("Ganzer falsely claimed in the false police report that [Hassani] committed felony aggravated assault . . . .").) Based on these series of events, Hassani, who is Muslim and Arab, alleges that Yoder, Dueltgen, Ganzer, and Rutgers University discriminated against him. (Compl. *6.) The Complaint does not specify how Hassani's religion or ethnicity played into the false arrest; rather, it alleges that the police report provided that "Hassani committed terroristic threats, harassment, and disorderly [conduct] all based on depictions rather than actual evidence." (*Id.*) In any event, police ultimately arrested Hassani for terroristic threats, harassment, and disorderly conduct. (*Id.* at *6-7.)

According to Hassani, the discrimination did not stop there. He alleges that the Middlesex County Prosecutor's Office maliciously prosecuted him and further asserts that the Middlesex

---

[1] The Court accepts all well-pleaded factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

[2] Pin-cites preceded with asterisks refer to the pagination atop the CM/ECF header.

County Public Defender's Office "failed to intervene to file a bail motion to lower [his] outrageous bail of $50,000." (*Id.* at *7.) The Complaint also alleges that Hassani's private attorney "committed legal malpractice and biased intimidation on or around September 19, 2008" by "intimidating the defendant into pleading guilty." (*Id.* at *8; *see also id.* ("They did not raise or vigorously argue the appropriate motions such as a motion to dismiss due to lack of evidence.").) Specifically, the Complaint claims that Hassani's attorney told him to lie to a state court about threatening to kill Dueltgen—which, according to Hassani, was "a false fabricated story made up originally by [Dueltgen]." (*Id.*) Hassani also asserts that, upon his conviction and subsequent imprisonment, the State of New Jersey "committed excessive detention" for 27 days. (*Id.*) For good measure, Hassani also sues Rutgers University for expelling him in June 2008. (*Id.* at *9.)[3]

## II. LEGAL STANDARD

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),[4] the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Importantly, on a Rule 12(b)(6) motion to dismiss, "the defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.1991)).

---

[3] The Complaint does not specify conduct by Patricia Yoder, William Yoder, or the City of New Brunswick.

[4] References hereafter to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition, although Rule 12(b) does not explicitly permit the assertion of a statute of limitations defense by a motion to dismiss, the so-called "Third Circuit Rule" allows a defendant to assert a limitations defense in a Rule 12(b)(6) motion "if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)).

### III. DISCUSSION

Hassani raises a litany of constitutional claims against several Defendants. The Court proceeds as follows. *First*, it assesses whether it has a duty under Rule 17 to appoint a guardian for Hassani. *Second*, it addresses Defendants' statute-of-limitations argument. *Finally*, it considers whether Hassani's Complaint adequately alleges malicious prosecution.

#### A. The Court Does Not Appoint a Guardian for Hassani.

Before turning to the merits of Defendants' motions, the Court first considers whether it "must appoint a guardian ad litem . . . to protect a[n] . . . incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). In *Mondelli v. Berkeley Heights Nursing & Rehabilitation Center*, the Third Circuit reaffirmed the Court's "mandatory" duty to appoint guardians where "verifiable evidence of incompetence" exists. 1 F.4th 145, 149 (3d Cir. 2021) (quoting *Powell v.*

4

*Symons*, 680 F.3d 301, 303, 307 (3d Cir. 2012)). That evidence includes "evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent," or "evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Id.* (quoting *Powell*, 680 F.3d at 307). It does not, however, include "bizarre behavior," "anecdotal evidence," or "layperson opinion[]." *Id.* (citation omitted).

Here, out of an abundance of caution, the Court analyzes its obligation under Rule 17 to appoint a guardian. The Court considers two pieces of evidence relevant to Hassani's mental health: (1) Hassani's change of address to the Trenton Psychiatric Hospital (*see* ECF No. 12), and (2) notes from Hassani's state-court sentencing in 2019 (for crimes unrelated to these motions) indicating that he is "to be placed on a Mental Health caseload" (ECF No. 25-3). Neither piece of evidence is the type needed to appoint a guardian. Neither purports to weigh in on Hassani's competency or what type of mental illness Hassani may suffer from. Indeed, this evidence lacks the clarity that the several letters in *Mondelli* offered, as those letters from mental health professionals indicated that the plaintiff suffered from major psychiatric illnesses. *See* 1 F.4th at 149.[5] Because the Court has no verifiable evidence establishing Hassani's mental incompetence, it declines to appoint a guardian for him.

### B. The Statute of Limitations Bars Most of Hassani's Claims.

The Court next addresses Defendants' statute-of-limitations defense. To start, the Court may consider a statute-of-limitations defense raised in the motions to dismiss because Hassani's

---

[5] Of note, *Mondelli* concerned a dismissal for the plaintiff's failure to prosecute. 1 F.4th at 148. That is not the case here where Hassani, for example, responded to an initial wave of motions to dismiss with a motion for leave to amend (ECF No. 40), and the Court is able to adjudicate Hassani's claims on the merits.

Complaint plainly and unambiguously states that the underlying conduct occurred in 2008. Yet Hassani filed his Complaint on January 4, 2021. *See Lloyd v. Ocean Twp. Counsel*, 857 F. App'x 61, 63-64 (3d Cir. 2021) (considering motion for failure to state a claim on statute-of-limitations grounds where arrest occurred in 2014 and plaintiff sued in 2018). The Court considers four factors when evaluating a motion to dismiss based on the statute of limitations: "(1) what law governs the statute of limitations; (2) the length of time provided for by the statute of limitations; (3) what law governs accrual of the cause of action; and (4) when the statute began to accrue for [p]laintiff's claim." *Crisdon v. City of Camden*, No. 11-2087, 2012 WL 685874, at *3 (D.N.J. Mar. 2, 2012). All four factors favor dismissal here.

Starting with the first and second factors, to determine the appropriate statute of limitations, the Court must determine what the applicable causes of action are. Hassani's Complaint asserts the following litany of claims: illegal entry, unlawful arrest and imprisonment, malicious prosecution, right to due process, ineffective assistance of counsel, right to a public education, freedom of religion, right to a fair trial, and violations under the Civil Rights Act of 1964. (Compl. *2.) Liberally construing the facts in Hassani's Complaint, the Court gleans that Hassani is attempting to assert claims under 42 U.S.C. § 1983. *See Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996) ("Section 1983 does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." (citations omitted)). "A section 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (citation omitted). In New Jersey, that is two years. *Est. of Lagano v. Bergen Cty. Prosecutor's Off.*, 769 F.3d 850, 859 (3d Cir. 2014) (citing N.J. Stat. Ann. § 2A:14-2).

Of course, the natural next question is two years from what? For that answer, the Court turns to the various constitutional theories asserted in the Complaint. The Court construes the following alleged constitutional infirmities: illegal search and seizure, false arrest, false imprisonment, malicious prosecution, and procedural-due-process violations under the Fourteenth Amendment.[6] Broadly, "[u]nder federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)). More specifically, the Court sums up the accrual periods below:

- Illegal search and seizure: Statute of limitations begins to run when Hassani "indisputably knew about the alleged faults of the search and seizure." *Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012) (citations omitted).

- False arrest and imprisonment: Statute of limitations begins to run "at the time [Hassani became] detained pursuant to legal process." *Lloyd*, 857 F. App'x at 64 (quoting *Wallace v. Kato*, 549 U.S. 384, 397 (2007)).

- Malicious prosecution: Statute of limitations begins to run when "the criminal proceedings against the defendant (i.e., the § 1983 plaintiff) have terminated in [his] favor." *Id.* (quoting *McDonough v. Smith*, 139 S. Ct. 2149, 2154-55 (2019)).

- Procedural-due-process violations: Statute of limitations begins to run when Hassani became aware of the violations. *See Opoku v. Educ. Com'n for Foreign Med. Graduates*, 574 F. App'x 197, 202 (3d Cir. 2014).

---

[6] Several of Hassani's theories fail as a matter of law. *See Introcaso v. Meehan*, 338 F. App'x 139, 142 (3d Cir. 2009) ("[I]neffective assistance of appointed counsel in representing a defendant is not actionable under § 1983." (citing *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981))); *Thomas v. East Orange Bd. of Educ.*, 998 F. Supp. 2d 338, 352 (D.N.J. 2014) ("There is . . . no fundamental right to a public education under the United States Constitution." (citing *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 35-36 (1973))).

Putting these accrual periods all together, under all but his malicious prosecution theory, Hassani knew or should have known about his claims in 2008. He knew the search, arrest, and subsequent imprisonment were allegedly unlawful on the date of the search and arrest, March 31, 2008. *See Stokes v. Internal Affairs Section*, No. 19-20414, 2020 WL 241331, at *2 (D.N.J. Jan. 15, 2020) ("Plaintiff's illegal search and seizure claims, as well as any false arrest claims, accrued on the date of the search." (citations omitted)). He further knew about any procedural oddities during his criminal adjudication adventure—which, according to the Complaint, occurred entirely within 2008. *See McLaughlin v. Forty Fort Borough*, 64 F. Supp. 3d 631, 645 (M.D. Pa. 2014) ("Plaintiffs should have known of the alleged constitutional violation . . . when they assert the due process violation occurred." (citation omitted)). Indeed, regardless of precisely when the alleged procedural-due-process violations occurred, the statute of limitations for those violations expired more than a decade ago in 2010.

The two-year statute of limitations bars most of Hassani's § 1983 claims. No party asserts any basis for equitable tolling or any other extraordinary circumstances that would toll the statute of limitations from 2010 to 2021. Because the Court cannot conceive of any such circumstances, it finds amendment futile and dismisses these claims with prejudice. *See Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111-12 (3d Cir. 2013) ("Here, the District Court did not err in dismissing the complaint without providing [the plaintiff] with an opportunity to amend her complaint, because any such amendment would be futile." (citation omitted)); *McCargo v. Camden Cty. Jail*, 693 F. App'x 164, 166 (3d Cir. 2017) ("We therefore agree with the District Court's assessment that amendment of the complaint would be futile because the statute of limitations clearly had expired when [the plaintiff] filed this complaint.").

### C. The Complaint Cannot Plead Malicious Prosecution Under § 1983.

Although not time-barred, Hassani's remaining claim for malicious prosecution fails as a matter of law. To prove malicious prosecution, Hassani's Complaint must allege five elements:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Woodyard v. County of Essex*, 514 F. App'x 177, 182 (3d Cir. 2013) (citing *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009)). The Complaint cannot meet the second element of favorable termination. *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." (citations omitted)). The Third Circuit lists six ways to establish a favorable termination in criminal proceedings for malicious prosecution claims:

> (a) a discharge by a magistrate at a preliminary hearing, or
>
> (b) the refusal of a grand jury to indict, or
>
> (c) the formal abandonment of the proceedings by the public prosecutor, or
>
> (d) the quashing of an indictment or information, or
>
> (e) an acquittal, or
>
> (f) a final order in favor of the accused by a trial or appellate court.

*Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002) (quoting Restatement (Second) of Torts § 659 (1976)). The Complaint does not allege any of these. It does not, for example, allege that Hassani appealed his conviction in state court or that Hassani is awaiting the decision of any state court decision to call into question his earlier criminal conviction. Even stronger though, the Complaint *cannot* allege any of these proceedings because all of them would have had to occur years ago.

9

Notably, Hassani's Complaint all but confirms that his underlying criminal prosecution did not end in his favor as it asks this Court to vacate his criminal conviction. (*See* Compl. *9 (seeking as relief that "the criminal conviction and plea deal of one count of terroristic threats be vacated" and that "[a]ll criminal charges be dismissed with prejudice administratively").)

Nor can the Court reason how amendment will save Hassani's claims. "[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors., Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). The Court concludes that any amendment would be futile because the Complaint asserts no grounds for a favorable termination of Hassani's criminal case. Even if it had, any favorable criminal proceeding would have concluded long ago, thereby rendering Hassani's malicious prosecution claim barred by the two-year statute of limitations. *See Hilton v. Kronenfeld*, No. 04-6420, 2008 WL 305276, at *10 (D.N.J. Jan. 29, 2008) ("Thus, [p]laintiff cannot establish that his criminal proceeding ended in his favor, and the malicious prosecution claim is dismissed with prejudice.").[7]

---

[7] The Court notes that it is not dismissing with prejudice on *Heck* grounds but rather for the Complaint's failure to allege the favorable-termination element of a malicious prosecution claim. In the Court's view, this ruling does not run afoul of the Third Circuit's prohibition on with-prejudice *Heck* dismissals. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016). Indeed, in *Curry v. Yachera*, the Third Circuit modified the district court's with-prejudice dismissal because the district court concluded that the plaintiff failed to allege the *Heck* prerequisite for a § 1983 claim attacking an underlying criminal conviction: a "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *See Curry v. Yachera*, No. 14-5253, 2015 WL 1186014, at *3 (E.D. Pa. Mar. 13, 2015) (quoting *Heck*, 512 U.S. at 487), *aff'd as modified by* 835 F.3d at 379. Here, in contrast, the Court dismisses with prejudice based on the futility of Hassani to allege a central element of his malicious prosecution claim.

### IV.  CONCLUSION

The statute of limitations bars Hassani's claims arising from 2008 pertaining to illegal search and seizure, false arrest, false imprisonment, and procedural-due-process violations. Hassani's Complaint also fails as a matter of law to state a claim for malicious prosecution. The Court dismisses with prejudice the Complaint both because it asserts time-barred claims and because it fails to state a claim. An order consistent with this Memorandum Opinion will follow.

*/s/ Michael A. Shipp*

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**